# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANOTHER WILLIAMS CO., LLC dba TRAVER'S FURNITURE AND FLOORING and TRAVERS FURNITURE CARPET FURNITURE DEALERS,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>    Defendants. | Case No: 5:24-cv-04094-JWB-ADM |

## AMENDED COMPLAINT

**COMES NOW** Plaintiffs Another Williams Co., LLC dba Traver's Furniture and Flooring and Travers Furniture Carpet Furniture Dealers (collectively, "Plaintiffs") and for its causes of action against Defendant Nationwide General Insurance Company ("Nationwide"), allege and state as follows:

## PARTIES

1. Plaintiff Another Williams Co., LLC is a Kansas Limited Liability Company. Plaintiff Another Williams Co., LLC has no parent company. Members Ryan J. Williams and Dori N. Williams are citizens of Arkansas City, Kansas. There are no other members.

2. Plaintiff Travers Furniture Carpet Furniture Dealers is a corporation organized under the laws of the State of Kansas with its principal place of business in Arkansas City, Kansas.

3. Defendant Nationwide General Insurance Company is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Nationwide authorized to transact business within the State of Kansas and may be served with process through its designated service agent, identified as the Commissioner of Insurance,

Attention: Legal Division, Kansas Insurance Department, 1300 SW Arrowhead Road, Topeka, Kansas 66604.

## JURISDICTION AND VENUE

4. The amount in controversy in this lawsuit is in excess of the jurisdictional amount set forth for diversity jurisdiction.

5. By reason of the diversity of citizenship of the parties to this lawsuit and the sufficiency of the amount in controversy, this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was insured under Defendant Nationwide Policy No. ACP BP013230119125 (the "Policy"), which included commercial property coverage.

7. The subject insured property ("Insured Property") in Arkansas City, Cowley County, State of Kansas, sustained covered damage during a hailstorm. Nationwide assigned the date of loss as June 14, 2023 which occurred while the Insured Property was insured by Defendant Nationwide (Claim No. 162510-GP).

8. The Policy was in full force and effect at the time of loss.

9. At the time of the loss, Plaintiff Travers Furniture Carpet Furniture Dealers owned the Insured Property. In approximately June 2023, Plaintiff Another Williams Co., LLC purchased the Insured Property from Plaintiff Travers Furniture Carpet Furniture Dealers. On or about June 22, 2023, Policy No. ACP BP013230119125 was transferred from Plaintiff Travers Furniture Carpet Furniture Dealers to Plaintiff Another Williams Co., LLC.

10. Plaintiffs submitted a claim for this loss to Defendant Nationwide with Claim No. 162510-GP (the "Claim"). At all times during the Claim process, Plaintiffs made the premises

available for inspection by Defendant Nationwide's adjusters, cooperated in the limited investigation that Defendant Nationwide performed, and otherwise complied with all conditions precedent to recovery under the Policy.

11. Plaintiffs complied with all conditions precedent for making a claim and obtaining benefits under the Policy, but Defendant Nationwide wrongfully denied the Claim under the Policy.

## **COUNT I**

Plaintiffs fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for its additional claims against only Defendant Nationwide, alleges and states:

12. Plaintiffs were covered by the Policy.

13. Throughout the policy period, Plaintiffs performed all obligations required under the Policy, including timely payment of all premiums due, made the premises available for inspection by Defendant Nationwide's adjusters, and cooperated in the limited investigation that Defendant Nationwide performed.

14. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Defendant Nationwide and Plaintiffs.

15. Defendant Nationwide had an absolute duty under the Policy to investigate Plaintiff's damages and pay Plaintiffs' policy benefits for that damage fully and fairly.

16. Defendant Nationwide's refusal to settle Plaintiffs' claim on the Insured Property was negligent and vexatious, constituting a breach of the Policy.

17. Plaintiffs' inability to make repairs to the Insured Property is due to Defendant Nationwide's lack of investigation, evaluation, and payment for the covered loss.

18. Defendant Nationwide breached the contract, as a matter of standard business practice, in the following respects:

    a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Defendant knew that Plaintiffs were entitled to those benefits;

    b. failing to properly investigate the Claim and to obtain additional information;

    c. withholding payment of the benefits on behalf of Plaintiffs knowing that the Claim was valid;

    d. refusing to honor the Claim in some instances for reasons contrary to the express provisions of the Policy and/or Kansas law;

    e. refusing to honor the Claim in some instances by applying restrictions not contained in the Policy;

    f. refusing to honor the Claim in some instances by knowingly misconstruing and misapplying provisions of the Policy;

    g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy, to include the Claim;

    h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Claim once liability had become reasonably clear;

    i. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

    j. failing to properly evaluate any investigation that was performed;

    k. refusing to consider the reasonable expectations of Plaintiffs;

    l. refusing to consider evidence of the property's pre-loss condition in determining scope of repair, and denying the Claim;

    m. misrepresenting Plaintiffs' policy language;

    n. refusing to consider payment of claim benefits due to fault of Defendant Nationwide's agent when insuring the Insured Property;

    o. hiring biased experts in an attempt to deny coverage; and

      p.      misconstruing pertinent coverage and facts;

all in violation of the Policy, constituting a material breach and ongoing breach of the Policy, and resulting in a financial benefit to Defendant Nationwide.

      19.      As a direct and proximate result of said breaches, Plaintiffs have been injured and damaged in the amount of its contract benefits in an amount to be determined according to proof at trial.

      20.      As a direct and proximate result of said breaches, Plaintiffs have been injured and damaged in an amount to be determined according to proof at trial.

      21.      Despite objective evidence of a covered cause of loss provided by Plaintiffs – and known to Defendant Nationwide – Defendant Nationwide breached its contractual obligations under the Policy by failing to pay Plaintiffs benefits to allow them to properly repair the Insured Property. As a result of this failure, Plaintiffs have suffered and continues to suffer additional damages.

      22.      By such refusal, Defendant Nationwide has violated K.S.A. 40-256.

      23.      Pursuant to K.S.A. 40-256, Plaintiffs are entitled to a reasonable sum as an attorney's fee, to be recovered and collected as part of the costs for this action.

      WHEREFORE, Plaintiffs Another Williams Co., LLC dba Traver's Furniture and Flooring and Travers Furniture Carpet Furniture Dealers respectfully request this Court enter judgment in their favor and against Defendant Nationwide General Insurance Company as to Count I, for damages in excess of $75,000, attorneys' fees pursuant to K.S.A. 40-256, for costs, and for such other relief that this Court deems just and proper.

## COUNT II

Plaintiffs fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for its additional claims against only Defendant Nationwide, alleges and states:

24. By its acts, omissions and conduct, Defendant Nationwide breached the common law duty of good faith and fair dealing by conducting a results-oriented investigation, denying Plaintiffs' claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether it had any reasonable basis for the denial of Plaintiffs' covered loss.

25. Defendant Nationwide also breached the common law duty of good faith and fair dealing by unreasonably denying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' claim, as Defendant Nationwide knew or reasonably should have known that Plaintiffs' claims were covered. These acts, omissions, and conduct by Defendant Nationwide are a proximate cause of Plaintiffs' damages.

26. Defendant Nationwide's refusal to pay benefits was unreasonable under the circumstances because it failed to perform a proper investigation of the damage to the Insured Property.

27. Defendant Nationwide's refusal to pay benefits was unreasonable under the circumstances because it failed to properly evaluate the limited inspection it did perform.

28. As a direct and proximate result of Defendant Nationwide's breach of the common law duty of good faith and fair dealing, Plaintiffs suffered the loss of policy benefits, emotional distress, and other consequential damages.

29. Pursuant to K.S.A. § 60-3793, Plaintiff reserves the right to assert a punitive damages claim prior to the final pretrial conference.

WHEREFORE, Plaintiffs Another Williams Co., LLC dba Traver's Furniture and Flooring and Travers Furniture Carpet Furniture Dealers respectfully request this Court enter judgment in their favor and against Defendant Nationwide General Insurance Company for damages in excess of $75,000, attorneys' fees pursuant to K.S.A. 40-256, for costs, and for such other relief that this Court deems just and proper.

*/s/ Jordyn L. Cartmell*
Jordyn L. Cartmell, KBA #30142
**MANSELL & ENGEL**
204 North Robinson Avenue, 21st Floor
Oklahoma City, Oklahoma   73102-7001
T : (405) 232-4100 ** F: (405) 232-4140
Email :  jcartmell@meclaw.net

AND

WILLIAM "JOE" SHULL    KS #26235
**SHULL & KLENDA, LLC**
1828 Swift St., Suite 303
Kansas City, MO 64116
(816) 905-3405
(816) 905-3405 - Facsimile
 joe@shullklenda.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on November 6, 2024, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

                                         */s/ Jordyn L. Cartmell*